STATE of Missouri, Respondent,

v.

Joseph Robert GIANNINI, Appellant.

No. 41897.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 16, 1981.

Daniel P. Reardon, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Suzanne M. Boersig, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Joseph R. Giannini guilty of first degree robbery (§ 560.120 RSMo.1969) and the trial court sentenced him to ten years in prison.

On appeal defendant's sole point is that the trial court abused its discretion in admitting the victim's photo into evidence. This, on the ground it was so gruesome that it outweighed its probative value. We disagree.

The state's evidence: When victim George Nicolou stopped at a gas station on a rainy night defendant and another asked him for a short ride home. He agreed, and following their directions drove into what turned out to be a dead-end road. There, the two men beat and robbed the victim of his money, jewelry and car. Within an hour or so the victim was photographed at a police station.

During the victim's direct examination he described his injuries and was then asked to identify the eight by ten inch color photo. Defendant objected on the ground it was inflammatory and of no material purpose. The trial court overruled the objection. The photo showed the victim sitting at a table. His hair was in disarray; his left eye was blackened and partly closed; there were bloody scratch-like cuts on his nose, cheeks and lips; his shirt was torn.

Defendant now concedes a victim's photo is admissible if it corroborates a vital fact, and that is within the trial court's discretion. He now argues however that admitting this photograph was error, citing such cases as *State v. Floyd*, 360 S.W.2d 630[4] (Mo.1960), condemning photographs of a decomposed body; *State v. Pearson*, 270 S.W. 347[3] (Mo.1925), concerning the brash display of a decedent's bloody garments; and *State v. Robinson*, 328 S.W.2d 667[3] (Mo. 1959) condemning admission of vulgar, offensive photos that were irrelevant to the injury inflicted. The victim's photograph here, described above, in no way rises to those offensive levels.

Defendant's argument here is faulted by the principles announced in the oft-cited case of *State v. Moore*, 303 S.W.2d 60[1–3] (Mo.1963). There, the court upheld the admission of a photo showing the location of wounds and held such photographs are ad-

missible if they shed any light upon the issues even though, as here, the injury has already been orally described. The court added that since the state had the burden of proving defendant's guilt it "should not be unduly limited as to the quantum of its proof". So it is here.

Affirmed.

CRIST, P. J., and DOWD and SNYDER, JJ., concur.